RICHARD C. JOHNSON (SBN 40881)
SHAAMINI A. BABU (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
djohnson@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

DENNIS R. MURPHY, (SBN 051215)
MURPHY AUSTIN ADAMS SCHOENFELD LLP
304 "S" Street (95811-6906)
Post Office Box 1319
Sacramento, CA 95812-1319
(916) 446-2300
(916) 503-4000 – Facsimile
dmurphy@murphyaustin.com

Attorneys for Defendants Chevreaux Family
Irrevocable Credit Trust of 1973 and Martha
E. Chevreaux Revocable Trust of 2004

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS; et al., | Case No.: CV 11-3285 LB |
| Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT; JOINT REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; AND [PROPOSED] ORDER** |
| vs. | |
| CHEVREAUX AGGREGATES, INC., et al., | Complaint: July 5, 2011 |
| Defendants. | Date: April 5, 2012 |
| | Time: 10:30 a.m. |
| | Ctrm: 4, 3rd Floor |
| | Judge: The Honorable Laurel Beeler |

In accordance with Rule 16 and 26(f) of the Federal Rules of Civil Procedure, Northern District Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, the parties hereto submit this Joint Case Management Conference Statement.

///

**Introduction**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") (29 U.S.C §§1001-1461 (1982)). Defendant Chevreaux Aggregates, Inc. ("CAI") was a participating employer in the Operating Engineers' Pension Trust Fund ("Fund"). On or about January 31, 2010, Defendant CAI withdrew from participation in the Fund which thereby made it subject to withdrawal liability under ERISA §4203(a) (29 U.S.C. §1383(a)). Defendant CAI was assessed withdrawal liability of $1,179,242.00 by the Trust on June 21, 2010, and was notified of its increased withdrawal liability of $1,184,169 on January 6, 2011.

Plaintiff alleges that Defendants Chevreaux Concrete, Inc. ("CCI'"), Chevreaux Family Irrevocable Credit Trust of 1973 ("1973 Trust"), and Martha E. Chevreaux Revocable Trust of 2004 ("2004 Trust") are members of the same control group as Defendant CAI and all such entities are treated as a single employer (the "Control Group"). If they are engaged in a trade or business and are members of the Control Group, they are jointly and severally liable for the withdrawal liability under ERISA §4001(b)(1) (29 U.S.C. §1301(b)) and IRC §414(c). Defendant 1973 Trust and Defendant 2004 Trust deny they are members of the Control Group, and deny that at any relevant time either engaged in a trade or business. Plaintiffs seek a money judgment against Defendants for an award of the entire assessed withdrawal liability plus interest, liquidated damages, attorneys' fees and costs. Plaintiffs also seek injunctive relief against Defendants to require them to provide adequate information to ascertain other members of Defendants' Control Group under ERISA §4001(b)(1) (29 U.S.C. §1301(b)).

**Jurisdiction**

Subject matter jurisdiction is proper under 28 U.S.C. § 1331 since this action involves withdrawal liability owed under ERISA as amended by MPPAA.

**Parties**

    **A.    Fund**

The Fund is an "employee benefit plan" as defined in ERISA §3(3) (29 U.S.C. §1002(3)), an "employee benefit pension plan" as defined in of ERISA §3(2) (29 U.S.C. §1002(2)); and a

1  "multiemployer plan" as defined in ERISA §§3(37) and 4001(a)(3) (29 U.S.C. §§1002(37) and

2  1301(a)(3)).  Plaintiffs F.G. Crosthwaite and Russell E. Burns are members of the Board of

3  Trustees ("Trustees") of the Fund, which is the "plan sponsor" within the meaning of ERISA

4  §§3(16)(B)(iii) and 4001(a)(10)(A) (29 U.S.C. §§1002(16)(B)(iii) and 1301(a)(10)(A)).

### B.  Defendant CAI

Defendant CAI is a California corporation with its businesses located at 890 Grass Valley Highway, Auburn, CA, and 2701 Combie Road, Meadow Vista, CA at all relevant time periods. Defendant CAI is an employer within the meaning of ERISA §3(5) of (29 U.S.C. §1002(5)) and National Labor Relations Act ("NLRA") §2(2) (29 U.S.C. §152(2)).  Default was entered against Defendant CAI on August 10, 2011.  Docket No. 14.

### C.  Defendant CCI

Defendant CCI is a California corporation with its principal place of business located at 890 Grass Valley Highway, Auburn, CA, at all relevant time periods.  Defendants CAI and CCI are members of the same controlled group and treated as a single employer pursuant to ERISA §4001(b)(1) (29 U.S.C. §1301(b)) and thus, are jointly and severally liable for the withdrawal liability.  Default was entered against Defendant CAI on August 10, 2011.  Docket No. 14.

### D.  Defendant 1973 Trust

Defendant Martha Chevreaux is named in this action in her capacity as the trustee of Defendant 1973 Trust.[1]  Defendant Martha Chevreaux is the income of Defendant 1973 Trust with the power of appointment and said trust's principal can be used for her benefit.  Plaintiff alleges that as a result of the attribution rules under IRC §414(c) Defendants 1973 Trust owns a controlling interest and has effective control of CAI and therefore, Defendants 1973 Trust and Defendant CAI  are within the same Control Group.  Plaintiffs are currently conducting discovery to determine the scope of any trades or businesses operated by Defendant 1973 Trust.  Defendant alleges the 1973 Trust at no relevant time has been involved in a trade or business and has never

---

[1] Defendants recently provided the 1973 Trust Agreement and related documents indicating that Martha Chevreaux resigned as Trustee and Judy Simpson, James Merrill and Dorothy Miller became Trustees effective February 26, 1999.

held any interest in CAI and/or CCI. It denies it is a member of the Control Group.

### E. Defendant 2004 Trust

Defendant Martha Chevreaux is named in this action in her capacity as the trustee of Defendant 2004 Trust.[2] Defendant Martha Chevreaux is the income beneficiary of Defendant 2004 Trust with the power to revoke it and said trust's principal can be used for her benefit. Plaintiff alleges that as a result of the attribution rules under IRC §414(c), Defendants 2004 Trust and 1973 Trust own a controlling interest and has effective control of CAI and therefore, Defendants 2004 Trust and Defendant CAI are within the same Control Group. Plaintiff alleges that the 2004 Trust owned multiple rental properties including, but not limited to, 890 Grass Valley Highway, Auburn, CA, where Defendants CAI and CCI conducted business at all relevant time periods. Plaintiff alleges that Defendant 2004 Trust entered into a lease with Defendant CCI on July 1, 2005. Plaintiff alleges that Defendant 2004 Trust also owned real property identified as APN 038-123-011, APN 038-123-004, APN 054-070-049, APN 054-102-041, and 44701 Woodstock Drive, Mendocino, CA, which it leased to CCI and other entities. Thus, Plaintiffs contend that Defendant 2004 Trust is a trade or business since it leased real property to Defendant CAI and CCI and other entities or persons.

Defendant 2004 Trust admits it owned property which it leased to CCI on July 1, 2005 and alleges that lease was not in effect at the time of withdrawal. It denies it leased any other property to anyone. It denies it was involved in a trade or business at the relevant times herein and denies it was part of the Control Group.

**Facts**

Plaintiffs assert as follows:

(a)     Defendant CAI was a participating employer in the Fund pursuant to a collective bargaining agreement ("Bargaining Agreement") with the Operating Engineers Local Union No. 3 ("Union"). Defendant CAI was obligated to and did make contributions to the Fund on behalf of its employees that were covered under that Bargaining Agreement. Defendant CAI last reported

---

[2] Defendants recently provided the 2004 Trust Agreement and related documents indicating that Martha Chevreaux resigned as Trustee and Judy Simpson, James Merrill and Dorothy Miller became Trustees effective January 5, 2011.

contributions to the Fund for covered work performed by its employees in January 2010. Thus, on or about January 31, 2010, Defendant CAI made a complete withdrawal from the Fund under ERISA §4203(a) (29 U.S.C. §1383(a)) which thereby made it subject to withdrawal liability.

  (b) By letter to CAI dated June 21, 2010, the Fund assessed withdrawal liability of $1,179,242 against Defendant CAI payable monthly in the sum of $11,939.25 starting August 1, 2010. By letter dated September 21, 2010, Defendant CAI requested review of its withdrawal liability on the basis that it was incorrectly calculated. On September 8, 2010, November 12, 2010, December 2, 2010, February 3, 2011, and April 26, 2011, the Fund produced various documents in response to Defendant CAI's request for review.

  (c) Defendants failed to make any withdrawal liability installment payments. As such, the Fund notified Defendant CAI on November 12, 2010, that Defendant CAI would be in default if it failed to cure its delinquent installment payments within sixty (60) day pursuant to ERISA §4219(c)(5)(A) (29 U.S.C. §1399(c)(5)(A)).

  (d) On January 6, 2011, the Fund notified Defendants CAI and CCI that their withdrawal liability had been recalculated for the sum of $1,184,169 based on additional information made available to the actuary for the Fund. The Fund confirmed that the original quarterly payment amount and payment schedule remained unchanged.

  (e) Defendant CAI initiated arbitration under ERISA §4221(a) (29 U.S.C. §1401(a)) on January 11, 2011, with the American Arbitration Association ("AAA"). Thereafter, on May 20, 2011, counsel for Defendant CAI advised AAA and Plaintiffs' counsel that it was withdrawing as counsel for Defendant CAI. As a result, the Fund accelerated the withdrawal liability of $1,184,169 on the same day pursuant to ERISA §4219(c)(5) (29 U.S.C. §1399(c)(5)) and Section XII of the Fund's Withdrawal Liability Assessment Procedures since there was substantial likelihood that Defendants would default.

  (f) On June 6, 2011, AAA closed its file based on a notice from Defendant CAI that it withdrew its arbitration demand approximately one (1) year after it was assessed. By withdrawing

their arbitration claim Defendants waived their affirmative defenses and therefore, the assessed withdrawal liability is binding on Defendants under ERISA §4221(b)(1) (29 U.S.C. §1399(b)(1)).

(g) As of the filing of this Joint CMC Statement, the Defendants have not made any withdrawal liability payments to the Fund and thus, are still in default under ERISA §4219(c)(5)(B)  (29 U.S.C. §1399(c)(5)(B)) and 29 CFR §4219.31.

Defendants assert as follows:

(a) Defendant 1973 Trust was not a participating employer in the Fund.

(b) Defendant 1973 Trust denies it ever "withdrew" from the Fund.

(c) Defendant 1973 Trust denies it was ever assessed with unfunded liability and denies it was ever provided notice that withdrawal liability was assessed against it.

(d) Defendant 1973 Trust denies it was ever provided a notice that withdrawal liability was ever recalculated.

(e) Defendant 1973 Trust denies it was ever a party to any arbitration or given notice that there were arbitration proceedings being conducted and/or terminated.

(f) Defendant 1973 Trust denies it ever engaged in leasing property to anyone and ever engaged in a trade or business.

(g) Defendant 1973 Trust denies it ever held any interest in CAI and/or CCI.

(h) Defendant 1973 Trust denies it is a member of any Control Group.

(i) Defendant 2004 Trust was not a participating employer in the Fund.

(j) Defendant 2004 Trust denies it ever "withdrew" from the Fund.

(k) Defendant 2004 Trust denies it was ever assessed with unfunded liability and denies it was ever provided notice that withdrawal liability was assessed against it.

(l) Defendant 2004 Trust denies it was ever provided a notice that withdrawal liability was ever recalculated.

(m) Defendant 2004 Trust denies it was ever a party to any arbitration or given notice that there were arbitration proceedings being conducted and/or terminated.

(n) Defendant 2004 Trust denies it was leasing property to CAI and/or CCI at the time of withdrawal.  It also denies leasing any other properties.

**1**     (o)      Defendant 2004 Trust denies it was engaged in a trade or business at the time of withdrawal.

    (p)      Defendant 2004 Trust denies it was a member of a Control Group.

**Legal Issues**

    Plaintiffs assert the following:

    (a)      The cessation of Defendant CAI'S obligation to contribute to the Fund constituted a complete withdrawal under ERISA § 4203(a) which thereby made Defendant CAI liable to the Fund for withdrawal liability.

    (b)      Notice to Defendant CAI for the withdrawal liability constitutes notice to all members within its Control Group.

    (c)      Defendants waived their right to contest the withdrawal liability and waived all affirmative defenses by withdrawing their arbitration claim in accordance with ERISA §§ 4219(b)(2) and 4221(b)(1) (29 U.S.C. §1399(b)(2) and 29 U.S.C. § 1401(b)(1)) and PBGC Reg. §4221.3(d).

    (d)      The Fund is entitled to the entire withdrawal liability in the sum of $1,184,169 pursuant to ERISA § 4219(c)(5) (29 U.S.C. §1399(c)(5)).

    (e)      Defendants CCI and 2004 Trust are jointly and severally liable for the withdrawal liability plus interest, liquidated damages, attorneys' fees and costs on the basis that they are members of the same Control Group as defined under ERISA § 4001(b) (29 U.S.C. § 1301(b)) and IRC §414(c) and operated a trade or business. Similarly, Defendant 1973 Trust is jointly and severally for the withdrawal liability if Plaintiffs discover that it operated a trade or business.

    (f)      Plaintiffs are entitled to injunctive relief requiring Defendants to provide documentation of all trades or businesses which are within their control group as defined under ERISA § 4001(b) (29 U.S.C. § 1301(b)) and IRC §414(c).

    Defendants assert the following:

    (a)      Defendant 1973 Credit Trust is not engaged in a trade or business.

    (b)      Defendant 2004 Trust was not engaged in a trade or business at the time CAI withdrew from the Fund.

1      (c)    Neither the 1973 Trust nor the 2004 Trust are members of a Control Group.

2      (d)    Neither the 1973 Trust nor the 2004 Trust received required notices.

3      (e)    Plaintiff is not entitled to any relief.

**Motions**

Plaintiffs anticipate filing a motion for summary judgment against the Defendants after conducting a factual investigation and discovery if this matter is not resolved through document exchange and negotiations. One or more discovery motions may be necessary, but that parties will attempt to resolve such matters amicably and without need the Court's intervention. Plaintiffs expect to file, as necessary, motions in limine regarding evidentiary issues prior to trial. Plaintiffs anticipate that all dispositive motions and all non-discovery motions will be heard by or before the final pretrial conference.

Defendants anticipate filing a motion for Summary Judgment.

**Amendment of Pleadings**

Plaintiffs may request the Court for leave to amend the Complaint, if necessary, after completing discovery to accurately name the personal trusts involved in this action and any additional members of Defendants' control group under ERISA § 4001(b) (29 U.S.C. § 1301(b)) and IRC §414(c).

**Evidence Preservation**

The parties are taking necessary steps to preserve evidence relevant to the issues reasonably evident in this matter. These steps include the preservation of all known evidence, and instructions to personnel of the parties to retain such evidence should it come to their attention.

**Discovery**

Plaintiffs propose the following discovery plan in accordance with Fed. R. Civ. P. 26(f):

(a) <u>Rule 26(f) Disclosures</u> (Fed. R. Civ. P. 26(f)(2)(A)): Plaintiffs and Defendants 1973 Trust and 2004 Trust have exchanged Initial Disclosures under Fed. R. Civ. Proc. Rule 26.

(b) <u>Written Discovery</u>: Defendants 1973 Trust and 2004 Trust have responded to Plaintiffs' Request for Production of Documents, Set One, and Special Interrogatories, Set One. Plaintiffs will meet and confer with their counsel regarding the adequacy of those responses.

Plaintiffs have responded to Defendants Request for Production of Documents, Set One, and Special Interrogatories, Set One.

  (c) <u>Subjects on Which Further Discovery May be Needed</u> (Fed. R. Civ. P. 26(f)(2)(B)): The parties anticipate discovery will be necessary regarding the following issues, including but not limited to:

    (1) That Defendant CCI is within the same control group as Defendant CAI.

    (2) That Defendant 2004 Trust is within the same control group as Defendant CAI and operated a trade or business.

    (3) If Defendant 1973 Trust operated a trade or business.

    (4) Whether the shareholders of Defendants CAI and Defendant CCI received any distributions upon the sale and dissolution of said entities.

    (5) The assets of Defendants and its control group members.

  (d) <u>Electronically Stored Information</u> (Fed. R. Civ. P. 26(f)(2)(C)): The parties do not foresee any issues related to the discovery of electronic information. To the extent any exists, the parties believe it should be produced in electronic form.

  (e) <u>Claims of Privilege or of Protection</u> (Fed. R. Civ. P. 26(f)(2)(D)): The parties do not believe any special procedures are necessary to allow assertions of privilege after production. The parties reserve the right to protect or compel relevant information and documents in accordance with applicable law.

  (f) <u>Changes to Limitations on Discovery</u> (Fed. R. Civ. P. 26(f)(2)(E)): The parties request no changes to be made to the limitations on discovery at this time.

  (g) <u>Other Orders</u> (Fed. R. Civ. P. 26(f)(2)(F)): The parties are currently unaware of the need for any such orders.

  (h) The parties anticipate that discovery will be completed within the time specified herein. The parties do not believe that discovery should be conducted in phases. At this time, the parties do not currently anticipate the need for any orders under Rule 26 or 29-37 of the Federal Rules of Civil Procedure.

**Class Actions**

1. Inapplicable.

**Related Cases**

2. There are no pending related cases.

**Relief**

Plaintiffs seek the following damages, and provide the following description of the bases on which damages are calculated: (1) Plaintiffs seek unpaid withdrawal liability of $1,184,169; (2) plus interest; (3) plus liquidated damages equal to the greater of (a) the accrued interest on the unpaid withdrawal liability, or (b) twenty percent (20%) of the unpaid withdrawal liability; and (4) Plaintiffs' attorneys' fees and cost. Plaintiffs also seek injunctive relief in the form of a mandate that Defendants provide documentation of all trades or businesses which are within Defendants' control group as defined under ERISA § 4001(b) (29 U.S.C. § 1301(b)).

**ADR Process**

The parties participated in mediation on March 8, 2012, with mediator Phillip Kelly and were unable to resolve this dispute at mediation. Docket No. 23.

**Consent to Magistrate Judge for All Purposes**

The parties have consented to Magistrate Judge Laurel Beeler for all purposes.

**Other References**

The parties do not believe that the case is suitable for reference to binding arbitration or any other reference.

**Narrowing of Issues**

The parties may be able to narrow the issues by agreement, and may be able to expedite the presentation of evidence at trial. The parties believe discussion of these issues at the present time is premature. The parties do not currently request that any issues, claims, or defenses be bifurcated.

**Expedited Schedule**

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

**Scheduling**

The parties believe the following general guidelines are appropriate:

(a) Expert Witness Disclosure by Plaintiffs: 150 days prior to Pretrial Conference;

(b) Expert Witness Disclosure by Defendants: 150 days prior to Pretrial Conference;

(c) Discovery Cut Off: 90 days prior to Pretrial Conference;

(d) Law and Motion Cut Off: 60 days prior to Pretrial Conference;

(e) Settlement Conference: 45 days prior to Trial;

(f) Final Pretrial Conference: 30 days prior to Trial;

(g) Trial: TBD.

The parties respectfully reserve the right to seek modification of the above-proposed schedule as this action develops.

**Trial**

The parties are willing to have a Court trial to expedite the adjudication of claims. The expected length of trial is 2-5 court days.

**Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs filed their Certification of Interested Entities or Persons on July 5, 2011. Docket No. 2. Plaintiffs certified that, pursuant to Civil L.R. 3-16, other than the named parties, there is no such interest to report.

**CMC**

Given that the parties recently participated in mediation and will continue conducting discovery the parties respectfully request that the Case Management Conference calendared for April 5, 2012, be continued to May 17, 2012. The continuance will allow the parties to focus on

///
///
///
///
///
///

1 | further discovery thereby allowing for a more productive Case Management Conference after
2 | more information is made available.

3 | Dated: March 29, 2012                          SALTZMAN & JOHNSON LAW CORPORATION

5 |                                         By:  _____/S/_____
6 |                                              Shaamini A. Babu
                                                 Attorney for Plaintiffs

8 | Dated: March 29, 2012                          MURPHY AUSTIN ADAMS & SCHOENFELD

10 |                                        By:  _____/S/_____
                                                 Dennis R. Murphy
11 |                                              Attorneys for Defendants

13 | <u>ORDER</u>

14 |   BASED ON THE FOREGOING and GOOD CAUSE APPEARING, the Case Management Conference currently set for April 5, 2012, is continued to ~~May 17~~, 2012, at 10:30 a.m. All related deadlines are extended accordingly. An updated Joint Case Management Conference Statement (with new information only) due by May 17, 2012.

[handwritten: May 24]

16 | IT IS SO ORDERED.

19 | Date: March 30, 2012                    _____
                                              THE HONORABLE LAUREL BEELER
20 |                                           UNITED STATES MAGISTRATE JUDGE